U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
FEB - 5 2007
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN EDWARD MAYFIELD, | ) | |
| ID # 1241873, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:06-CV-1866-D (BH) |
| | ) | ECF |
| GEO GROUP INC., | ) | Referred to U.S. Magistrate Judge |
| Defendants. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff is an inmate in the Texas prison system. On October 11, 2006, the Court received the instant civil action and a request to proceed *in forma pauperis* from plaintiff. The Court found that the request to proceed *in forma pauperis* should be denied based on the three-strikes provision of 28 U.S.C. § 1915(g). (*See* Order of Dec. 20, 2006, at 1-2.) However, the Court deemed it appropriate to grant plaintiff thirty days to pay the full filing fee of $350.00 to the Clerk of the Court before formally denying *in forma pauperis*. (*Id.*) The Court also admonished him that failure to pay the filing fee within the time allotted would subject this action "to dismissal as barred by the three-strikes provision and for failure to comply with a court order under Fed. R. Civ. P. 41(b)." (*Id.*)

On January 3, 2007, the Court received plaintiff's response to the Order of December 20, 2006. He therein argues that (1) he cannot afford to pay the filing fee; (2) the three-strikes provision should have no applicability prior to the date Congress enacted the Prison Litigation Reform Act;

(3) he "believes he is in imminent danger of an infection from the constant rubbing on his gum and bone by his lower denture plate"; (4) that this action is not frivolous or malicious and presents a claim upon which relief may be granted; and (5) he has "no knowledge" of one of the actions, *Mayfield v. Finch*, No. 91-36-ATH (M.D. Ga. 1991), that the Court has counted as a strike.

## II. THREE STRIKES

Because plaintiff is a prisoner, this action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In short, inmates may not proceed without the prepayment of fees, if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.

A review of relevant court records indicates that plaintiff's current filing falls under the PLRA "three-strikes" provision. On at least three prior occasions, plaintiff has had a prisoner civil action or appeal dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Mayfield v. Bradshaw Unit*, No. 6:04-CV-0469-JKG (E.D. Tex. Dec. 9, 2004) (mem. op. & order dismissing action pursuant to 28 U.S.C. § 1915A(b)(1)); *Mayfield v. Elliott*, No. 6:95-CV-0246-JKG (E.D. Tex. Feb. 6, 1996) (mem. op. & order dismissing action as frivolous); *Mayfield v.*

*Finch*, No. 91-36-ATH (M.D. Ga. 1991) (Apr. 25, 1991 recommendation that action be dismissed as frivolous and May 17, 1991 order adopting such recommendation).

Although plaintiff indicates that he has "no knowledge" of the latter action, he does not specifically deny that he filed such action or argue that he is not the same person as the plaintiff in that action. Further, the distinctive salutation and signature on the handwritten objections filed and signed by the plaintiff of the same name in the Georgia case bear a striking similarity to those on the *Request for A Hearing*, filed on December 19, 2006, as well as to the signature on the complaint in this case.[1] The Court concludes that the "Steven E. Mayfield" in the Georgia case is the same individual who filed the instant civil action in this Court.

With respect to plaintiff's argument that the Court should not count as a strike any prior dismissal that predates the enactment of the PLRA, the Fifth Circuit Court of Appeals has already rejected such argument. *See Adepegba v. Hammons*, 103 F.3d 383, 386-87 & n.3 (5th Cir. 1996). In view of *Adepegba*, the fact that the Court has counted prior dismissals which occurred before Congress enacted the PLRA provides no basis for finding the three strikes bar inapplicable.

Due to these three "strikes" plaintiff may not proceed with his current action without the prepayment of fees under 28 U.S.C. § 1915(g) unless it appears that he is subject to imminent danger of serious physical injury. Plaintiff argues that the Court should not apply the bar posed by § 1915(g) to this action because he has no funds to pay the filing fee and this action has sufficient merit to survive summary dismissal as frivolous, malicious, or failure to state a claim upon which relief can be granted. The instant action's merit or lack thereof has no bearing, however, on the applicability of

---

[1] For the convenience of the District Court, the relevant documents from the Georgia case are attached to this recommendation.

3

the three strikes bar. Additionally, that plaintiff may not have sufficient funds to proceed with this action provides no reason not to apply the three-strikes bar. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 464-65 (5th Cir. 1998). "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file suits." *Id.* at 464 (quoting *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997)). "The only exception to payment of the filing fee when th[e] circumstances [set forth in § 1915(g)] are met is if the prisoner is under 'imminent danger of serious physical injury.'" *Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000), *accord Quick v. Anderson*, No. 3:06-CV-2096-G, 2006 WL 3626968, at *1 (N.D. Tex. Dec. 13, 2006) (accepting recommendation of magistrate judge which had noted that imminent danger was the "only exception" to the applicability of § 1915(g)); *Ruston v. Dallas County Sheriff's Dep't*, No. 3:04-CV-1462-D, 2005 WL 17672, at *2 (N.D. Tex. Jan. 3, 2005) (recommendation noting that imminent danger was the "only exception" to the applicability of § 1915(g)), *adopted by* 2005 WL 264286 (N.D. Tex. Feb. 1, 2005).

In this case, plaintiff alleges that he was shot in the face in 2003, received a temporary denture plate in 2004, and has been complaining about mouth pain and a failure of the Texas prison system to fix or replace his denture plate since then. (Compl. at 4.) He also alleges that he arrived at his current housing unit on January 11, 2006, and has not received a repaired dental plate despite his complaints. (*Id.*) He now indicates that he believes that he is in imminent danger of an infection from the constant rubbing on his gum and bone by his lower denture plate. Despite that indicated belief, his alleged facts do not show that he is in imminent danger of any serious physical injury. From his alleged facts, plaintiff has suffered from his dental problems since 2004. He provides no reason for his current belief that he is now in imminent danger of serious physical injury stemming

from the allegations in his complaint. Consequently, he has not escaped the applicability of §

1915(g) and must prepay the requisite filing fee before this case can proceed.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an

action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126,

1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, pre-

vent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the Order of

December 20, 2006, that he pay the filing fee within thirty days. Despite his response to that order,

he has presented no legitimate basis for not applying the three strikes provision to bar him from

pursuing this action *in forma pauperis*. Accordingly, the Court should dismiss his complaint without

prejudice for failure to follow an order of the Court.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the Court deny plaintiff's request to pro-

ceed *in forma pauperis* and dismiss his complaint without prejudice for failure to comply with an order

of the Court pursuant to Fed. R. Civ. P. 41(b) unless he provides a legitimate basis for not applying

the bar in this case or otherwise shows that he should be permitted to proceed with this action

without payment of the filing fee.

SIGNED this 2nd day of February, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

Filed at ___9:40 A M___

APR 25 1991

*(signature)*
DEPUTY CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

STEVEN E. MAYFIELD,                    :
                                       :
              Plaintiff                :
                                       :    CIV. ACTION NO. 91-36-ATH(DF)
       VS.                             :
                                       :    Proceeding Under 42 U.S.C. §1983
JAMES E. FINCH, Sheriff; and           :    Before the U.S. Magistrate Judge
MARLENE T. SMITH, Probation            :
Officer                                :
                                       :           RECOMMENDATION
              Defendants               :
       _____ :

        Plaintiff STEVEN E. MAYFIELD has substantially complied with

the court's order of March 19, 1991 requiring him to provide

additional information about his claim(s).

        Once leave to proceed *in forma pauperis* has been granted,

§1915(d) allows the court to dismiss the complaint prior to ser-

vice of process if it determines the complaint to be frivolous or

malicious in order to spare the defendant(s) the inconvenience and

expense of answering a frivolous complaint. *Woodall v. Foti*, 648

F.2d 268 (5th Cir. 1981); *Procup v. Strickland*, 760 F.2d 1107, 1114

(11th Cir. 1985). *See also Harris v. Menendez*, 817 F.2d 737 (11th

Cir.1987). However, under *Neitzke v. Williams*, 490 U.S. 319, 109

S.Ct. 1827, 104 L.Ed.2d 338 (1989), §1915(d) dismissals may be

ordered only where plaintiff's claim(s) lacks "an arguable basis in

law." *Id.*, at___, 109 S.Ct. at 1833.

        Citing *Neitzke v. Williams*, the Eleventh Circuit in *Battle v.*

*Central State Hospital*, 898 F.2d 126, 129 (1990) defines "an

arguable basis in law" as follows:

              Claims may lack an arguable basis in law
              resulting from either factual or legal
              inadequacies. Factual allegations are
              frivolous for purposes of §1915(d) when they
              are "clearly baseless"; legal theories are
              frivolous when they are "indisputably
              meritless."

As pointed out by the Eleventh Circuit in *Moreland v. Wharton*,
899 F.2d 1168, 1170 (1990):

> "Arguable means capable of being convincingly
> argued. An action or claim in which 'the
> plaintiff's realistic chances of ultimate
> success are slight' is not one capable of
> being convincingly argued." *Menendez*, 817 F.2d
> at 740 n.5 (citation omitted).

Upon consideration of plaintiff's claim(s) herein, therefore,
the issue before this court is whether the legal theories raised in
plaintiff's complaint are <u>indisputably</u> <u>meritless</u> or whether the
factual contentions are <u>clearly</u> <u>baseless</u>. In the court's view,
plaintiff's factual allegations herein are "clearly baseless"
requiring dismissal.

Plaintiff claims that he has not received adequate medical
treatment for his hypertension problems while confined in the
Greene County, Georgia, Jail. Of course, in *Estelle v. Gamble*, the
Supreme Court held that "deliberate indifference to serious medical
needs of prisoners constitutes the 'unnecessary and wanton inflic-
tion of pain'...proscribed by the Eighth Amendment." 429 U.S. 97,
97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97
S.Ct. 798, 50 L.Ed. 2d 785 (1976). "In order to state a §1983 cause
of action against prison officials based on a constitutional
deprivation resulting from cruel and unusual punishment, there must
be at least some allegation of a conscious or callous indifference
to a prisoner's rights, thus raising the tort to constitutional
stature." *Williams v. Bennett*, 689 F. 2d 1370, 1380 (11th Cir.
1982).

In the instant case, while the plaintiff may have suffered from deliberate indifference to his serious medical needs he has failed to name as party defendants anyone who is personally responsible for the harm which he alleges he suffered. Plaintiff has twice been provided the opportunity to state who he wished to name as defendants in his complaint. Both times he has named only Sheriff James Finch and Probation Officer Marlene T. Smith as defendants. Neither of these individuals are cognizable parties in this action because the plaintiff has failed to allege any personal involvement by either of them relating to his purported injury.

Plaintiff claims that Sheriff Finch is responsible for his inadequate medical treatment because "he is my custodian." However, in a properly pled complaint under 42 U.S.C. §1983, the plaintiff must allege that the defendant(s) charged with violating his constitutional rights was either personally involved in violating those rights or that the act or acts complained of was carried out pursuant to an official policy or custom promulgated by the named defendant(s). *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978).

In the case at bar, plaintiff fails to allege any causative link between defendant Finch and the denial of plaintiff's constitutional rights. Nor does the plaintiff contend that the defendant was responsible for any policy designed to deny plaintiff his constitutional rights. Instead, it appears that plaintiff predicates his claim against defendant Finch solely under the theory of *respondeat superior*. Such is not permitted under the law. *See Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).

Plaintiff contends that Probation Officer Smith is liable for his inadequate medical care because she was responsible for his wrongfully being placed in custody to begin with. The court concedes that this is a novel approach to alleging §1983 liability in a deliberate indifference to medical needs case. Nonetheless, it fails to assert any cognizable connection between defendant Smith and the instant suit.

Therefore, it is RECOMMENDED that defendants FINCH, and SMITH be DISMISSED as defendant parties herein.

Since these are the only named defendants, it is the RECOMMENDATION of the undersigned that plaintiff's complaint be DISMISSED as legally frivolous. Pursuant to 28 U.S.C. §636(b)(1), the plaintiff may serve and file written objections to this RECOMMENDATION with United States District Judge Duross Fitzpatrick WITHIN TEN (10) DAYS after being served with a copy thereof by filing said written objections with the Clerk of Court.

SO RECOMMENDED, this 24th day of April, 1991.


CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE



RECEIVED
CLERK'S OFFICE

1991 MAY 13 AM 9:44

U.S. DISTRICT COURT
MIDDLE DIST.
MACON

Steven E. Mayfield
CV-91-36 ATH (DF)
Greene County Jail
Greensboro, Georgia
(30642)

United States District Court        42 U.S.C. 1983
Middle District of Georgia
        Clerks Office
Athens, Georgia, (30601)

Filed at 9:44 AM

MAY 13 1991
Donna N. Phillips
DEPUTY CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

Honorable Clerk.
    I am in receipt of The Order of Recommendation to Dismiss,
dated April 24, 1991 whereas Magistrate Judge Claude W. Hicks Jr.
made his Recommendation, also that Plaintiff has Ten (10) Days do submit
written objections to United States District Judge Duross Fitzpatrick,
    My objections to the Magistrate Recommendation are as Followed.
(1) I am not an Attorney, nor have I had any training as such,"
Therefore I should have to state a complaint in writing as an attorney
moreover, I do not have excess to Law Book, nor the funds to hire any
Lawyer," but my situation is Real, not Baseless nor indesputably Meritless

                    Respectfully Submitted
                    This 3 Day of May 1991
                    s/ Steven E. Mayfield

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

**Filed at** _11:37_ A M
MAY 17 1991
_Donald D. Phillips_
DEPUTY CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

STEVEN E. MAYFIELD,                          :

          Plaintiff,                         :

vs.                                          :        CIV. NO. 91-36-ATH(DF)

JAMES E. FINCH, Sheriff, and                 :
MARLENO T. SMITH, Probation
Officer,                                     :

          Defendants.                        :

## O R D E R

United States Magistrate Claude W. Hicks, Jr., has recommended that this action be dismissed since the plaintiff has failed to allege any personal involvement on the part of either named defendant in causing his injuries. The plaintiff has objected that he is not an attorney, has no access to law books and should not be held to the standards of an attorney. Such considerations were inherently contained in the Magistrate's recognition of the plaintiff's *in forma pauperis* status, his providing the plaintiff with an opportunity to restate and clarify his claims and in this court's consideration of the plaintiff's objections after the ten day period for filing them had passed. The pleadings of *pro se* plaintiffs are to be construed liberally, but they must still state a valid cause of action. A review of the record reveals that the Magistrate's analysis is correct. Accordingly, this order adopts and incorporates the Magistrate's recommendation and orders this case DISMISSED.

SO ORDERED, this _17_ day of May, 1991.

DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

MEM/BBB

AO 72A
(Rev. 8/82)

Filed at __2:10__ P M

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

MAY 17 1991

*Donna N. Phillips*

DEPUTY CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

STEVEN E. MAYFIELD,            :
                              :
        Plaintiff,            :
                              :      CIV. NO. 91-36-ATH(DF)
vs.                           :
                              :
JAMES E. FINCH, Sheriff, and  :
MARLENO T. SMITH, Probation   :
Officer,                      :
                              :
        Defendants.           :
                              :

## JUDGMENT

Pursuant to the Order of Judge Duross Fitzpatrick filed May 17, 1991, and for the reasons stated therein,

The U. S. Magistrate's recommendation is adopted and this case is dismissed.

Judgment is entered this 17th day of May, 1991.


                         GREGORY J. LEONARD, Clerk

                  By:  *Donna N. Phillips*
                       Donna N. Phillips
                       Deputy Clerk